Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| RANDY EARL PAYNE, an Individual,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ST. CHARLES MEDICAL CENTER, a corporation,<br><br>　　　　　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $400,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Randy Earl Payne, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**INTRODUCTION**

This case goes to heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the very topical controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation. In the end, though, this case is about the Plaintiff and the unlawful religious discrimination he

encountered at the hands of his employer, St. Charles Medical Center.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. Plaintiff lives in Crook County, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted his administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about October 3, 2022.

2.

At all times material to this Complaint, Plaintiff was a resident of Crook County, Oregon.

3.

At all times material to this Complaint, Defendant St. Charles Medical Center was regularly conducting business in the State of Oregon, specifically at the Bend, Oregon facility.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff was hired in October 2016 by Defendant at its Bend, Oregon, as a Facilities Supervisor. Plaintiff received exclusively positive performance reviews. At the time of his termination, Mr. Payne was making approximately $86,000.00 annually with a generous benefits package. Moreover, at the time he was terminated, he was eligible and under consideration for promotion to Facilities Manager. Plaintiff was Acting Interim Manager at the time of his termination.

6.

Plaintiff is also a devoutly religious member of the Christian faith who endeavors always to follow the teachings of Christ.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with his work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities. For 18 months, Plaintiff scrupulously followed hospital rules and regulations to protect against infection, which included the wearing of personal protective equipment (herein, "PPE"), testing for COVID-19, hand-washing and other hygiene protocols, social distancing when possible, and quarantining if necessary. Plaintiff did not miss any work related to COVID-19.

9.

In the summer of 2021, Defendant announced its intent to impose a COVID-19 vaccine mandate. Plaintiff, as a devout Christian, did not believe it was consistent with his faith to take the vaccine. Accordingly, Plaintiff applied for a religious exception to the vaccine mandate on or about October 4, 2021.

10.

On October 18, 2021, Plaintiff was informed that his application was granted, but that he was to be placed on unpaid administrative leave immediately.

11.

Plaintiff was placed on unpaid administrative leave on October 18, 2021 and was ultimately terminated.

12.

Plaintiff lost his income and generous benefits, including his health care coverage, as a consequence of the Defendant's unlawful actions.

13.

Plaintiff was shocked and dismayed by Defendant's treatment of him, particularly since he had been such a hard worker. Moreover, Plaintiff was discouraged and disappointed by Defendant's unwillingness to find any meaningful accommodation to his religious exemption short of unpaid leave.

14.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating him being placed on unpaid administrative leave.

15.

Plaintiff's termination date should be treated as October 18, 2021, based on the Defendant's termination of Plaintiff's pay.

16.

According to information and belief, the Defendant's adverse employment actions against Plaintiff were not, as it has claimed, to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on his sincerely held religious beliefs and an unacceptable retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an

unlawful discriminatory intent.

17.

Because of the Defendant's unlawful termination of Plaintiff, Plaintiff has suffered economic loss and severe emotional distress.

## FIRST CLAIM FOR RELIEF

## (Unlawful Employment Discrimination Based on Religion

## in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

18.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

19.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

20.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

21.

Instead of finding reasonable accommodation or set of accommodations for his religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

22.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $100,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## SECOND CLAIM FOR RELIEF

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**

**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

23.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

24.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

25.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

26.

Instead of finding reasonable accommodation or set of accommodations for his religious

beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

27.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $100,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $100,000.00.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 29th day of December, 2022.

>JANZEN LEGAL SERVICES, LLC
>
>By /s/ Caroline Janzen
>Caroline Janzen, OSB No. 176233
>caroline@ruggedlaw.com
>Attorney for the Plaintiff